Missouri, Kansas & Texas Railway Company et al. v.
Mrs. Dora McCutcheon.

Decided November 21, 1903.

**1.—Leading Question—Lady Witness—Discretion.**

When and under what circumstances a leading question may be put, is a matter resting in the sound discretion of the court. See illustration where such question was properly allowed in the case of a lady witness testifying to the effect which exposure to inclement weather had upon her menstruation.

**2.—Personal Injury—Pleading and Proof—Effect of Sickness.**

Where, in an action for injuries resulting from exposure to inclement weather, plaintiff alleged and the evidence showed that her ovaries had become affected, it was permissible for her to testify to the effect that such diseased condition would naturally have upon other organs of the body, though there was no allegation as to the effect upon such other organs.

**3.—Carrier of Passengers—Depot Not Warmed—Evidence.**

In an action for injuries and sickness resulting from plaintiff's exposure to inclement weather in a depot waiting room, evidence was not admissible to show that the depot agent there was very attentive to the comfort of passengers there, and was in the habit of inviting lady passengers into his office, where there was a stove, when the weather was cold. It was not incumbent on plaintiff to have gone into the office, had she been invited to do so.

**4.—Practice—Exclusion of Evidence—Harmless Error.**

Where a bill of exceptions showed that a witness, the depot agent, was asked as to his custom in a certain respect, which was excluded, and the statement of facts shows that he did testify as to his custom in that respect, the error, if any, was harmless.

Appeal from the District Court of Hopkins. Trial below before Hon. H. C. Connor.

*T. S. Miller* and *Perkins, Craddock & Wall,* for appellant.

*Crosby & Dinsmore,* for appellee.

RAINEY, Chief Justice.—Suit by appellee to recover damages for personal injuries alleged to have been caused to her by the default of appellant.

The petition alleged: "That about the 1st and 15th of October, and the 2d and 20th of November, 1901, and the 8th of January, 1902, appellee, being in Cumby and desiring to go to Sulphur Springs, went to appellant's depot on each of said occasions, the train upon which she desired to take passage being behind time on each of said times from thirty minutes to an hour and a half. That she was compelled to wait at the depot at each of said times; that the waiting room in the depot at Cumby was insufficient to protect passengers waiting therein from the rigors of the weather; that it was built of boards and was open, having cracks between the boards, the windows not closed, and the room not heated so as to protect and make comfortable passengers therein. That because of her being compelled to remain in the waiting room she was exposed to extreme cold, and to the rigors of winter, and wherefrom she

suffered at the time great discomfort and pain, contracted a severe cold, which proved aggravated and which settled on her womb and ovaries and produced extreme inflammation of said organs, and disease therein, which is incurable, and wherefrom the appellee has continuously suffered, and will continue to suffer as long as she shall live, extreme pain, and from which she is and will continue to be incapacitated from pursuing her business as teacher of music."

Appellant answered by general and special exceptions and general denial. Trial before a jury resulted in a judgment for appellee for $1000.

On the trial plaintiff, after testifying as to sickness in October, was asked by her attorney, "Where was the suffering; was it in any way connected with your menstruation?" To which defendant objected because it was leading, which objection was overruled, and plaintiff answered, "Yes, sir." Defendant excepted. The court appended to the bill the following: "Approved with the following explanation: This was a white woman, and this was a very delicate question; there was no effort on the part of counsel of plaintiff to lead the witness to say anything, but a number of questions had been asked and the witness failed to answer, because of her modesty, and the question and answer were permitted, simply to relieve the witness from using the language."

"When and under what circumstances a leading question may be put is a matter resting in the sound discretion of the court." Greenl. on Ev., 16 ed., sec. 435. We are of the opinion that this discretion was not abused in this instance.

Plaintiff having testified, in reference to her menses, that since the injury complained of the flow was more freely than formerly, she was asked by her attorney, "Since that time have any other organs of your body been affected, your liver, lungs or head?" This was objected to by defendant, "because there is no allegation in the petition that those organs had been affected as a reason of her exposure or sickness following thereon, and because the same was leading." The objections were overruled, and she answered, "My health has been bad generally since January, 1902, particularly in the region of the ovaries, general weakness and nervousness, and pain in the back of my head." This is assigned as error. Appellant's proposition under this assignment is, in effect, that the evidence was incompetent because plaintiff had not plead injury to said organs. The plaintiff further testified that she had not had any trouble with her liver. There was testimony by a physician to the effect that pains in the back of the head would naturally follow from diseased ovaries. If the ovaries became diseased by reason of plaintiff's exposure, as alleged, proof would be admissible to show what effect such diseased condition would naturally have and produce upon other organs of the body, though there be no allegations as to the effect upon such other organs. Railway Co. v. Edling, 18 Texas Civ. App., 171.

Complaint is made of the exclusion of the testimony of one Green,

offered by appellant, as shown by the following bill of exception, to wit: "Be it remembered that while M. M. Green, witness for defendant, testified on direct examination, and having testified that he had lived at Cumby since 1854; that he knew plaintiff and had seen her at defendant's depot at that place frequently; that he was about the depot frequently; that he was well acquainted with E. W. Harris, who was then defendant's agent, and had observed his conduct in the treatment of passengers frequently, he was asked this question by defendant's attorney: 'What was his treatment to passengers?' To which plaintiff objected because the same was immaterial and irrelevant, which said objection was by the court sustained. Whereas, if permitted to answer, witness would have stated that the said Harris was very attentive to the wants and inquiries of passengers, and it was his universal custom to invite ladies and the public generally in the office where the stove was whenever the weather was inclement. To which ruling the defendant excepted, and tenders this bill of exception and asks that the same be approved and made a part of the record."

Appellant's claim is that said testimony was "material as a circumstance tending to show that the weather was not cold or disagreeable on the occasion when appellee was a passenger, and in rebuttal of the evidence tending to show that the passengers were not permitted in the office." There was no error in excluding this testimony. It clearly appears from the evidence that the office was not fitted up for, nor intended by the company, to be used by passengers. A waiting room adjoining the office was provided for that purpose. The window panes were out, no stove was placed therein, and it afforded but scant protection from cold and disagreeable weather. It was shown that no invitation was extended to plaintiff to enter the office on the occasions of which she complains. It was the duty of the appellant to furnish a comfortable waiting room, and the custom of the agent would not relieve it of this duty. Said testimony did not tend to show the state of the weather, nor was it incumbent upon plaintiff, under the circumstances, to enter the office.

A bill of exceptions shows that Harris, depot agent at Cumby, was asked a question for the purpose of showing his custom in inviting lady passengers into the office, which was excluded. The statement of facts, however, show that Harris did testify, in effect, what is here complained of as having been excluded, hence if it be conceded that the court erred in this particular no harm resulted to appellant.

The evidence was sufficient to establish the material allegations of plaintiff's petition. We find no reversible error in the record and the judgment is affirmed.

*Affirmed.*